United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

KENT ROBBINS,

              Plaintiff,

      v.

MSCRIPTS, LLC, a Delaware Limited
Liability Company,

              Defendant.

Case No. 23-cv-01381-LB

**ORDER GRANTING MOTION FOR
APPOINTMENT OF GUARDIAN AD
LITEM**

Re: ECF No. 4

## INTRODUCTION

This is putative data-breach class action brought by named plaintiff Kent Robbins.[1] Mr.

Robbins moves to appoint his wife, Sarah Robbins, as his guardian ad litem because he has

dementia and is not competent to represent himself.[2] He submitted declarations from Ms. Robbins

describing how his dementia impacts his ability participate in the litigation and her responsibilities

as his primary caregiver, including having power of attorney to make healthcare decisions on his

---

[1] Compl. – ECF No. 1 at 2–5 (¶¶ 1–13). Citations refer to material in the Electronic Case File (ECF);
pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 4.

ORDER – No. 23-cv-01381-LB

behalf.[3] The defendant contends that it requires more information before taking a position on the motion.[4]

The declarations from Ms. Robbins describing Mr. Robbins' dementia and his inability to participate in the litigation are under oath and a sufficient record to appoint her as guardian ad litem. The court grants the motion.

## STATEMENT

This is a putative class action against Mscripts, a mobile pharmacy company. In 2022 the company detected a misconfiguration in its cloud storage environment that exposed client data for a six-year period. Because the plaintiff's pharmacy contracts with the defendant, his personal information was exposed. He brings various contract, tort, and invasion-of-privacy claims on behalf of a nationwide class.[5]

In addition to being the plaintiff's wife, Ms. Robbins has durable power of attorney for the plaintiff and is his agent to make healthcare decisions.[6] The plaintiff provided two declarations by Ms. Robbins advocating for her fitness for the guardian ad litem appointment. In the declarations Ms. Robbins purports to attach two exhibits: health records and a notarized durable power of attorney and advance healthcare directive that grants Ms. Robbins the ability to conduct all of the plaintiff's affairs. Neither exhibit is attached. Ms. Robbins describes the plaintiff as having "lucid moments," but being significantly limited in his ability to make decisions.[7]

The defendant requested limited discovery related to the basis for the plaintiff's motion for a guardian ad litem. It asserts that it lacks sufficient information to take a position on the plaintiff's

---

[3] Robbins Decl. – ECF No. 4-1 at 2 (¶¶ 3–5); Robbins Decl., Ex. A to Wood Decl. – ECF No. 21-2 at 3 (¶¶ 4–5).

[4] Opp'n – ECF No. 16; Joint Letter Br. – ECF No. 21 at 4.

[5] Compl. – ECF No. 1 at 2–5 (¶¶ 1–13).

[6] Robbins Decl. – ECF No. 4-1 at 2 (¶ 3).

[7] *Id.* (¶¶ 3–5); Wood Decl. – ECF No. 21-1 at 3 (¶ 11).

condition or Ms. Robbins' claims of incompetence.[8] It noted that if appointed as the plaintiff's guardian ad litem Ms. Robbins would represent the interests of all putative class members in addition to those of her husband.[9]

The court ordered the parties to confer on what additional discovery would be appropriate.[10] The defendant requested limited discovery: four interrogatories, six requests for admission, three requests for the production of documents, and a deposition of either the plaintiff or Ms. Robbins or live testimony from them at a hearing (with both of them present).[11] The defendant also requested the ability to "challenge any appointment if necessary after development of the factual record" in the event the court denied discovery.[12] The plaintiff provided a second declaration from Ms. Robbins and contends that no further discovery is warranted.[13]

It is undisputed that the court has subject-matter jurisdiction under the Class Action Fairness Act. 28 U.S.C § 1332(d). The parties consented to magistrate-judge jurisdiction.[14] *Id.* § 636(c). The court can decide the motion without oral argument. N.D. Cal. Civ. L.R. 7-1(b).

**LEGAL STANDARD**

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). An individual's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b)(1). In California, a party is incompetent if he lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist

---

[8] Resp. – ECF No. 21 at 4.

[9] Opp'n – ECF No. 16 at 2.

[10] Clerk's Notice – ECF No. 19.

[11] Resp. – ECF No. 21 at 4.

[12] Opp'n – ECF No. 16 at 2.

[13] Resp. – ECF No. 21 at 2.

[14] Consents – ECF Nos. 14, 15.

ORDER – No. 23-cv-01381-LB

United States District Court
Northern District of California

counsel in the preparation of the case. *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001) (applying this standard to dependency proceedings); *see also* Cal. Prob. Code § 1801; Cal. Pen. Code § 1367; *In re Sara D.*, 87 Cal. App. 4th 661, 666–67 (2001).

A court may find a party incompetent only if a preponderance of the evidence supports that conclusion. *In re Sara D.*, 87 Cal. App. 4th at 667. "California law adopts a broad view of relevance, and a state court of appeal has emphasized a trial judge's 'duty . . . to clearly bring out the facts.'" *Brooks v. Premier Apartments LLC*, No. LACV 18-07872-VAP (AFMx), 2018 WL 11464786, at *1 (C.D. Cal. Nov. 27, 2018) (quoting *In re Conservatorship of Pamela J.*, 133 Cal. App. 4th 807, 827–28 (2005)).

A range of evidence may be considered when determining a party's competency, including sworn declarations from those who know the allegedly incompetent person, the representations of counsel, medical records or diagnoses, a report of mental disability by a government agency, and the court's own observations, interactions, and direct questioning of the party. *See, e.g.*, *id.* at *1–2 (collecting cases). Courts are not required to evaluate any particular type of evidence before making a determination, so long as the evidence evaluated "speak[s] to the court's concern as to whether the person in question is able to meaningfully take part in the proceedings." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. 2015) (citing *In re Christina B.*, 19 Cal. App. 4th 1441, 1451 (1993)). A guardian ad litem may be appointed for an incompetent adult only if he or she consents to the appointment or upon notice and hearing. *In re Jessica G.*, 93 Cal. App. 4th at 1187–88.

The court "has broad discretion in ruling on a guardian ad litem application." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 47 (2007). "The purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014) (cleaned up). Given its focus on the moving party, "the appointment of a guardian ad litem is a routine procedure, often ex parte, that is 'usually made on application only.'" *Alex R. v. Super. Ct.*, 248 Cal. App. 4th 1, 12 (2016) (quoting *In re Marriage of Caballero*, 27 Cal. App. 4th 1139, 1149 (1994)). The guardian ad litem must be "truly dedicated to the best

United States District Court
Northern District of California

1    interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC*, 143 F. Supp. 3d

2    at 1054 (cleaned up). When considering the appropriate guardian ad litem, courts may look to the

3    candidate's relationship with the party and his experience, objectivity, and expertise. *Id.*

4

5                                          **ANALYSIS**

6          The parties dispute whether the record is sufficient to evaluate the moving party's competence,

7    particularly given the class-action posture. The existing record describing the plaintiff's dementia

8    is sufficient to determine incompetence and Ms. Robbins' suitability as guardian ad litem. The

9    court therefore grants the request and appoints Ms. Robbins as guardian ad litem.

10         First, courts may appoint a guardian ad litem for the named plaintiff of a class action. *See, e.g.*,

11   *Bohannon ex rel. I.B. v. Facebook*, 82 F. Supp. 3d 1115, 1130–31 (N.D. Cal. 2015). *I.B.* involved

12   guardians ad litem for minors who were named plaintiffs in a privacy class action. *Id.* The court

13   held that the guardians did not make the named plaintiffs inadequate under Fed. R. Civ. P. 23(a),

14   given that the guardians were knowledgeable and kept the minors informed. *Id.* The defendant

15   here may likewise raise any adequacy issues at the class-certification stage.

16         Second, the defendant contends that it needs more than Ms. Robbins' declaration to determine

17   the plaintiff's competence before it can take a position as to whether guardianship is "necessary or

18   appropriate." It relies on *Shiflett v. City of San Leandro*, No. C 21-07802 LB, 2023 WL 2815357,

19   at *3 (N.D. Cal. Apr. 6, 2023), for the proposition that the plaintiff should submit, for example, a

20   letter from a physician.[15]

21         *Shiflett* involved a plaintiff that moved to appoint a guardian ad litem after alleging that he was

22   illegally struck over the head by a police officer. The plaintiff submitted medical records and a

23   report from a neuropsychologist to show that he suffered a mental disability from a traumatic brain

24   injury. The defendant contended that more information was needed, but the court considered the

25

26

27   _____
     [15] Joint Letter Br. – ECF No. 21 at 4.

28   ORDER – No. 23-cv-01381-LB

United States District Court
Northern District of California

1  records and report and found the plaintiff incompetent based on a preponderance of the evidence.

2  *Id.* at *1–3.

3     While the non-moving party may request additional information about a moving party seeking

4  to appoint a guardian ad litem, it is not necessary for a determination on these facts. *See Alex R.*,

5  248 Cal. App. 4th at 12 ("[T]he appointment of a guardian ad litem is a routine procedure, often ex

6  parte, that is usually made on application only.") (cleaned up). No specific kind of evidence must

7  be provided to the court, and the court is satisfied that the evidence offered "speak[s] to the court's

8  concern as to whether the person in question is able to meaningfully take part in the proceedings."

9  *AT&T Mobility, LLC*, 143 F. Supp. 3d at 1050. Although the movant in *Shiflett* submitted a

10  physician's letter, such a letter is not mandatory. *See, e.g.*, *Motlagh v. Macy's Corp. Servs.*, No. C

11  19-00042 JLB, 2020 U.S. Dist. LEXIS 236731, at *4 (S.D. Cal. Dec. 16, 2020) (appointing the

12  plaintiff's daughter as guardian ad litem based solely on a declaration by the daughter which

13  averred that the plaintiff had dementia and OCD); *In re 25352 Via Verde #1 Lake Forest*,

14  2023 Cal. Super. LEXIS 8172, at *2 (Cal. Super. Ct. Feb. 23, 2023) (finding the appointment of a

15  guardian ad litem "expedient" for a moving party with "probable dementia" that was established

16  through medical records).

17     Here, a preponderance of the evidence supports finding the plaintiff incompetent. Ms.

18  Robbins' declarations show that the plaintiff "was diagnosed with brain disease and dementia,"

19  which "creates a mental impairment which significantly limits any decision making."[16] This shows

20  that he is unable to assist counsel in the preparation of this case.

21     Given that Mr. Robbins is incompetent, the court finds that Ms. Robbins is a suitable guardian

22  ad litem for the plaintiff. The plaintiff consented to her appointment, she is not a party to the case,

23  she is the wife of the plaintiff, and she is fully able to represent him.[17] The defendant does not

24  argue that Ms. Robbins has any conflict.

[16] Robbins Decl. – ECF No. 4-1 at 2 (¶¶ 3–5).

[17] *Id.* (¶¶ 3–6); Mot. – ECF No. 4 at 2.

United States District Court
Northern District of California

This conclusion is buttressed by the defendant's ability to "challenge any appointment if necessary after development of the factual record."[18] The trial court may remove a guardian ad litem if they do not "perform[] responsibly, either on [the trial court's] own motion or at a party's request." *McClintock v. West*, 219 Cal. App. 4th 540, 552 (2013). A trial court may also remove a guardian ad litem if a conflict of interest arises or if the guardian ad litem has improperly represented the incompetent party. *In re Emery's Est.*, 199 Cal. App. 2d 22, 26 (1962) (removing a guardian ad litem because of a conflict of interest). As such, the trial court has a duty to monitor the guardian ad litem to ensure that the plaintiff is adequately represented in accordance with the goals animating Fed .R. Civ. P. 17(c). *Davis*, 745 F.3d at 1310 ("The purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit."). The finding of incompetence can also be challenged if warranted. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001) (a court has "inherent power rooted firmly in the common law" to "rescind an interlocutory order over which it has jurisdiction"). The defendant may move for the removal of a guardian ad litem after appointment on any of these grounds.

### CONCLUSION

The court grants the motion and appoints Sarah Robbins as guardian ad litem for the plaintiff. This resolves ECF No. 4.

**IT IS SO ORDERED.**

Dated: June 27, 2023

_____
LAUREL BEELER
United States Magistrate Judge

---

[18] Opp'n – ECF No. 16 at 2.

ORDER – No. 23-cv-01381-LB

United States District Court
Northern District of California